# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| RYAN RAYFIELD, ) <br> ) <br> PLAINTIFF, ) <br> ) <br> vs. ) <br> ) <br> ) <br> BRADLEY COUNTY, TENNESSEE, ) <br> ) <br> DEFENDANT. ) | No. _____ <br> JURY DEMAND |

## COMPLAINT

Comes the Plaintiff, Ryan Rayfield, by and through undersigned counsel, and for his cause of action against the Defendant would respectfully show to the Court and Jury as follows:

## I. THE PARTIES

1.1 The Plaintiff, Ryan Rayfield, is currently a resident of Loudon County, Tennessee.

1.2 The Defendant, Bradley County, Tennessee, is a governmental entity located in Bradley County, Tennessee, and at all times relevant to the Complaint was responsible for the customs, policies, procedures, and training of its employees as well as the wrongs committed by Deputy Sheriffs pursuant to Tenn. Code Ann. § 8-8-302.

## II. JURISDICTION

2.1 This Court has jurisdiction over the Federal claims asserted in this action pursuant to 28 U.S.C. § 1331 (Federal Question) and § 1343 (Civil Rights), as well as 42

U.S.C. § 1983. This court has jurisdiction over the State claims asserted in this action pursuant to 28 U.S.C. §1347 (Supplemental), as both the State claims and Federal claims form part of the same controversy.

### III. VENUE

3.1 Venue of this action is proper pursuant to 28 U.S.C. § 1391(b) in that the events giving rise to the action occurred in the Eastern District of Tennessee.

### IV. NATURE OF THE CASE

4.1 This action arises under the Fourteenth Amendment to the United States Constitution and under federal law, specifically, the Civil Rights Act of 1964 (as amended), 42 U.S.C. § 1983 *et seq.* for violations of the Constitutional Rights of the Plaintiff, Ryan Rayfield. It also arises under Tennessee law for a claim against Bradley County pursuant to Tenn. Code Ann. § 8-8-302.

### V. FACTS

5.1 On February 10, 2023, Ryan Rayfield was a pre-trial detainee in the care and custody of Defendant Bradley County.

5.2 Mr. Rayfield was in custody of Defendant Bradley County awaiting a trial on a pending criminal charge.

5.3 On the morning of February 10, 2023, prior to his pod being put in lock down, Mr. Rayfield requested to speak to a supervisor to ensure that he would be able to attend a court hearing he believed may have been set for that day.

5.4     The officer in charge of Mr. Rayfield's pod contacted the supervisors and reported that they were "not too happy."

5.5     As the pod was getting ready to be locked down, Sergeant Zachary Young and Officer Thomas Fink, both Deputies of the Bradley County Sheriff's Department, entered the pod and instructed Mr. Rayfield to place his hands behind his back.

5.6     Despite Mr. Rayfield complying with their commands, Officer Fink fired his department issued Taser 7 at Mr. Rayfield.

5.7     Although Officer Fink's Taser connected with Mr. Rayfield, it did not make sufficient contact to cause neuromuscular incapacitation.

5.8     Following Officer Fink's discharge of his Taser weapon, Sergeant Young also then fired his department issued Taser 7 at Mr. Rayfield.

5.9     Again, Sergeant Young's Taser made contact with Mr. Rayfield but not sufficiently to cause neuromuscular incapacitation.

5.10    Officer Fink then fired his second cartridge at Mr. Rayfield which again made contact without neuromuscular incapacitation.

5.11    Sergeant Young then also fired his second cartridge at Mr. Rayfield which made contact but still without neuromuscular incapacitation.

5.12    Sergeant Young and Officer Fink then pulled the barbs from the Taser out of Mr. Rayfield, and Officer Fink placed Mr. Rayfield's hands in cuffs behind his back.

5.13    With Mr. Rayfield restrained and not giving any resistance, Officer Fink then swept Mr. Rayfield's legs out from under him causing Mr. Rayfield to fall face-first onto the concrete floor.

3

5.14    As a result of Officer Fink sweeping Mr. Rayfield's legs and Mr. Rayfield's face striking the concrete floor, Mr. Rayfield suffered a laceration to his lip, fractured teeth, and a fractured jaw.

5.15    Due to the injuries to Mr. Rayfield, he was taken to the medical department where his lip was stitched up and given some ibuprofen before being placed in lock down.

5.16    Mr. Rayfield reported the use of force by Sergeant Young and Officer Fink to Defendant Bradley County officials at the jail and indicated that the use of force was excessive and unnecessary.

5.17    Upon information and belief, Defendant Bradley County did not discipline either Sergeant Young or Officer Fink for the use of force against Mr. Rayfield.

5.18    Mr. Rayfield never verbally threatened any officer or other person.

5.19    Mr. Rayfield never physically threatened any officer or other person.

5.20    Mr. Rayfield was not armed nor did he have immediate access to a weapon.

5.21    Mr. Rayfield never attempted to use a weapon or any object that could be used as a weapon against any officer or other person.

5.22    At the time that Sergeant Young and Officer Fink were using force against Mr. Rayfield, they were aware that Mr. Rayfield had not committed any crime and had not verbally or physically threatened anyone.

5.23    At the time that Sergeant Young and Officer Fink were using force against Mr. Rayfield, they were aware that Mr. Rayfield was not causing any damage to property and was not attempting to flee.

5.24    Neither Mr. Rayfield's inquiry concerning his court appearance nor his presence in the pod was a security problem.

4

Case 1:24-cv-00056-JRG-CHS   Document 1    Filed 02/08/24   Page 4 of 11    PageID #: 4

5.25 It was not necessary to repeatedly shoot Mr. Rayfield with a Taser or to sweep Mr. Rayfield's legs out from under him causing him to suffer a laceration to his lip, broken teeth, and a broken jaw in order to restrain Mr. Rayfield or place him in his cell.

5.26 Sergeant Young's and Officer Fink's use of force against Mr. Rayfield was unreasonable because the amount of force used by these officers exceeded that necessary to accomplish any reasonable correctional purpose.

5.27 Mr. Rayfield suffered significant and serious injuries including a severe laceration to his lip which has left a permanent disfigurement, broken teeth which have also left a disfigurement, and a broken jaw which may require additional medical treatment.

5.28 The force used by Sergeant Young and Officer Fink was excessive and no attempt was made to limit the amount of force that was used or use a lesser amount of force that would accomplish whatever correctional purpose the officers were attempting to achieve.

5.29 The force used by Sergeant Young and Officer Fink was a wanton infliction of pain because it was not necessary to use this level of force to accomplish any correctional purpose Sergeant Young or Officer Fink may have had regarding Mr. Rayfield.

5.30 The force used by Sergeant Young and Officer Fink was deliberate and intentional.

5.31 In using force against Mr. Rayfield, Sergeant Young and Officer Fink were deliberately indifferent to Mr. Rayfield's federally protected rights, including his right to be free from unreasonable and/or unnecessary force, excessive force that amounts to punishment, and the wanton infliction of pain.

5.32    Sergeant Young and Officer Fink were aware of a substantial risk of serious injury and permanent harm in using the force they used against Mr. Rayfield.

5.33    Sergeant Young and Officer Fink consciously disregarded the risks of harm to Mr. Rayfield and chose to administer their Tasers and force a restrained Mr. Rayfield to the concrete floor causing him to strike his face despite being aware of these risks.

5.34    Neither Sergeant Young nor Officer Fink reasonably perceived Mr. Rayfield as a threat because he was not verbally or physically threatening anyone and was attempting to comply with the officer's commands.

5.35    In doing the acts alleged in this complaint, Sergeant Young and Officer Fink were acting under the color of the statutes, ordinances, regulations, customs, policies, and usages of the Bradley County Government, the State of Tennessee and under the authority of their office as a Deputy Sheriffs of the Bradley County Sheriff's Department.

5.36    Defendant Bradley County is responsible for all wrongs, injuries, losses, damages and expenses resulting from the actions of Sergeant Young and Officer Fink in their positions as a Deputy Sheriffs of Defendant Bradley County, Tennessee, pursuant to Tenn. Code Ann. § 8-8-302.

5.37    Defendant Bradley County was responsible for properly training Sergeant Young and Officer Fink and other corrections officers in the reasonable use of force, including the use of Taser and restraints.

5.38    Defendant Bradley County was responsible for establishing policies, procedures, customs, and practices in the reasonable use of force, including the use of Taser and restraining pre-trial detainees, to be followed by its deputies, including Sergeant Young and Officer Fink.

5.39    National, state and local standards mandate that physical force used against pre-trial detainees be restricted to justifiable self-defense, protection of others, protection of property, and prevention of escapes, and then only as a last resort and in accordance with appropriate statutory authority.

5.40    National, state, and local standards prohibit the use of physical force as a punishment.

5.41    It is obvious that the complete lack or inadequacy of policies, procedures, customs, and practices for the use of force in a correctional setting, including the use of Taser and restraints, would lead to the deprivation of the right of persons to be free from excessive use of force.

5.42    It is obvious that the complete lack or inadequacy of training for employees in the use of force in a correctional setting, including the use of Taser and restraints, would lead to the deprivation of the right of persons to be free from excessive use of force.

5.43    Defendant Bradley County was actually aware that Sergeant Young and Officer Fink were either wholly unaware of the proper use of force in a correctional setting or were unable to follow proper guidelines on the use of force due to the complete lack or inadequacy of the training, supervision, policies, procedures, customs, and practices provided to Sergeant Young and Officer Fink by Defendant Bradley County.

5.44    Defendant Bradley County was aware of Sergeant Young's and Officer Fink's use of excessive force on multiple other prior occasions in which these officers used a Taser or chemical spray without a justifiable reason to do so and failed to take action to prevent such subsequent excessive uses of force, including the excessive use of force against Mr. Rayfield.

5.45	Defendant Bradley County either failed to review Sergeant Young's and Officer Fink's prior uses of force or failed to discipline Sergeant Young and Officer Fink for prior excessive uses of force and such failure amounted to a policy of acquiescence that was a moving force in causing Sergeant Young and Officer Fink to violate the rights of Mr. Rayfield and others.

5.46	Defendant Bradley County either failed to review Sergeant Young's and Officer Fink's use of force against Mr. Rayfield or failed to discipline Sergeant Young and Officer Fink for their excessive use of force against Mr. Rayfield and such failure amounted to a policy of acquiescence that was a moving force in causing Sergeant Young and Officer Fink to violate the rights of Mr. Rayfield.

5.47	Defendant Bradley County's failure to properly train, discipline, and supervise Sergeant Young and Officer Fink regarding the use of force was deliberately indifferent to the rights of individuals in the care and custody of Defendant Bradley County, including Mr. Rayfield.

5.48	Defendant Bradley County's failure to properly train, discipline, and supervise Sergeant Young and Officer Fink was the moving force behind Sergeant Young and Officer Fink's use of excessive force against Mr. Rayfield.

5.49	Defendant Bradley County is responsible for all wrongs, injuries, losses, damages and expenses resulting from the actions of its Deputy Sheriffs, including Sergeant Young and Officer Fink and its other deputies involved in restraining Mr. Rayfield pursuant to Tenn. Code Ann. § 8-8-302.

## COUNT I
### (FOURTEENTH AMENDMENT - VIOLATION OF 42 U.S.C. § 1983 - EXCESSIVE FORCE)

6.1 Sergeant Young's and Officer Fink's actions and use of force as described above while acting under color of law were objectively unreasonable and excessive, thus depriving Mr. Rayfield of his right to be free from excessive force as guaranteed under the Fourteenth Amendment to the United States Constitution.

6.2 The conduct of Defendant Bradley County described above deprived Mr. Rayfield of his right to be free from excessive force as guaranteed under the Fourteenth Amendment to the United States Constitution.

6.3 Upon information and belief, Defendant Bradley County lacked adequate customs, practices, policies, procedures, supervision, investigation, and training of its employees to prevent its officers from using excessive force which was the driving force behind the violation of Mr. Rayfield's civil rights.

6.4 Pursuant to statute, Defendant Bradley County is liable to Mr. Rayfield for special and general compensatory damages, including but not limited to, emotional, physical, economic, and pecuniary damages, and reasonable attorney's fees and costs.

## COUNT II
### (STATE LAW VICARIOUS LIABILITY - TENN. CODE ANN. §8-8-301, *ET SEQ.*)

7.1 Pursuant to Tenn. Code Ann. § 8-8-301, et seq., Defendant Bradley County is also liable to Mr. Rayfield for the wrongs, injuries, losses, damages and expenses resulting from the actions of Sergeant Young and Officer Fink who were Deputies appointed by the Bradley County Sheriff and, at the time of the incident described in this complaint, were acting by virtue of or under color of that office.

## DAMAGES

8.1     As a direct and proximate result of the unlawful conduct of the Defendant as described above, Mr. Rayfield experienced significant emotional and physical pain and suffering.

8.2     As a direct and proximate result of the unlawful conduct of the Defendant as described above, Mr. Rayfield experienced significant mental anguish.

8.3     As a direct and proximate result of the unlawful conduct of the Defendant as described above, Mr. Rayfield has experienced a diminished quality of life and impairment to his ability to enjoy life.

8.4     As a direct and proximate result of the unlawful conduct of the Defendant as described above, Mr. Rayfield has suffered injuries which are permanent and disfiguring and may require additional medical future medical treatment.

8.5     As a direct and proximate result of the unlawful conduct of the Defendant as described above, Mr. Rayfield may incur medical expenses for the treatment of his injuries.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully demands judgment against the Defendant to the extent permitted by law, as follows:

1.     That proper process issue and be served upon the Defendant, requiring it to answer this Complaint within the time required by law;

2.     That Plaintiff be awarded a judgment for compensatory damages in an amount to be determined by the trier of fact not to exceed the maximum amount allowed by law and that Defendant Bradley County be additionally liable for his damages up to the

limits provided in Tenn. Code Ann. § 8-8-303 for the actions of Sergeant Young's and Officer Fink's use of excessive force;

    3.    That the Plaintiff be awarded his costs, litigation costs, discretionary costs, pre- and post judgment interest, and attorney's fees pursuant to 42 U.S.C. §1988; and

    4.    That Plaintiff be granted such other, further, and general relief as to which he is entitled.

    Respectfully Submitted,

    MOSELEY & MOSELEY
    ATTORNEYS AT LAW

    BY:  /s/  James Bryan Moseley
        James Bryan Moseley, No. 021236

    237 Castlewood Drive, Suite D
    Murfreesboro, Tennessee 37129
    615/ 254-0140
    Fax: 615/ 634-5090
    bryan.moseley@moseleylawfirm.com

    *Attorneys for Plaintiff*