# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| RYAN RAYFIELD, | ) |
| Plaintiff, | ) Civil Action No. 1:24-CV-56 |
| v. | ) **JURY DEMANDED** |
| BRADLEY COUNTY, TENNESSEE, | ) |
| Defendant. | ) |

## ANSWER

Bradley County, Tennessee (hereinafter referred to as "Defendant" unless otherwise specifically identified), by and through counsel, files with the Court its Answer to Plaintiff's Complaint [Doc. 2] as follows:

### FIRST DEFENSE

In response to the individual allegations of Plaintiff's Complaint, Defendant answers as follows:

### I. THE PARTIES

1.1  On information and belief, the allegations of ¶ 1.1 are admitted.

1.2  In response to ¶ 1.2, Defendant admits that it is a governmental entity as alleged. In further response, Defendant admits that it had in place proper policies and procedures but denies that there were any wrongs committed as more fully claimed in Plaintiff's Complaint.

### II. JURISDICTION

2.1  In response to ¶ 2.1, Defendant admits that jurisdiction is proper in this Court.

### III. VENUE

3.1  In response to ¶ 3.1, Defendant admits that venue is proper in this Court.

## IV. NATURE OF THE CASE

4.1     In response to ¶ 4.1, the nature and gravamen of Plaintiff's Complaint speaks for itself.

## V. FACTS

5.1     In response to ¶ 5.1, Defendant admits that Plaintiff was incarcerated in Bradley County on February 10, 2023.

5.2     In response to ¶ 5.2, Defendant admits that Plaintiff was in custody in Bradley County on February 10, 2023.

5.3     The allegations of ¶ 5.3 are denied as alleged.  In further response, Plaintiff requested to speak with a higher up and refused to comply with lock down and instructions prior to the same.

5.4     The allegations of ¶ 5.4 are denied as alleged.

5.5     In response to ¶ 5.5, it is admitted that when Defendants entered the pod after Plaintiff refused to cooperate, verbal commands and instructions were given; however, Plaintiff refused to comply with such commands and instructions.

5.6     In response to ¶ 5.6, it is denied that Plaintiff complied with commands and that because of Plaintiff's non-compliance, Officer Fink used his taser.

5.7     In response to ¶ 5.7, it is admitted that the taser did not make full contact.

5.8     The allegations of ¶ 5.8 are admitted.

5.9     In response to ¶ 5.9, it is admitted that the taser did not make full contact.

5.10    In response to ¶ 5.10, it is admitted that Officer Fink discharged a second taser that did not make full contact.

5.11    In response to ¶ 5.11, it is admitted that Sergeant Young discharged a second taser that did not make full contact.

5.12    The allegations of ¶ 5.12 are denied.

5.13    The allegations of ¶ 5.13 are denied as stated.

5.14    In response to ¶ 5.14, it is admitted that based on Plaintiff's resistance and non-compliance, Officer Fink was required to physically subdue Plaintiff and that in so doing Plaintiff fell to the floor. In further response, it is admitted that Plaintiff was bleeding, but it is denied that he was jaw was fractured as result.

5.15    In response to ¶ 5.15, it is admitted that Plaintiff was taken to medical.

5.16    The allegations of ¶ 5.16 are denied.

5.17    The allegations of ¶ 5.17 are admitted.

5.18    The allegations of ¶ 5.18 are denied to the extent that Plaintiff's refusal to cooperate and comply with commands and instructions were a threat to the officers.

5.19    The allegations of ¶ 5.19 are denied to the extent that Plaintiff's refusal to cooperate and comply with commands and instructions were a threat to the officers.

5.20    In response to ¶ 5.20, it is admitted Plaintiff did not have a weapon.

5.21    The allegations of ¶ 5.21 are admitted.

5.22    The allegations of ¶ 5.22 are denied.

5.23    The allegations of ¶ 5.23 are admitted.

5.24    The allegations of ¶ 5.24 are denied.

5.25    The allegations of ¶ 5.25 are denied.

5.26    The allegations of ¶ 5.26 are denied.

5.27	In response to ¶ 5.27, Defendant lacks information or knowledge regarding the extent of injuries and damages Plaintiff claims in this matter but denies being liable or responsible for the same.

5.28	The allegations of ¶ 5.28 are denied.

5.29	The allegations of ¶ 5.29 are denied.

5.30	In response to ¶ 5.30, it is admitted that the actions taken by Sergeant Young and Officer Fink were in direct response to Plaintiff's non-compliance.

5.31	The allegations of ¶ 5.31 are denied.

5.32	The allegations of ¶ 5.32 are denied.

5.33	The allegations of ¶ 5.33 are denied.

5.34	The allegations of ¶ 5.34 are denied.

5.35	In response to ¶ 5.35, the same calls for a legal conclusion.  In further response, it is admitted that Sergeant Young and Officer Fink were acting in the course of their employment as corrections officers.

5.36	The allegations of ¶ 5.36 are denied.

5.37	In response to ¶ 5.37, it is admitted that Defendant was responsible for training its employees and further admitted that training for corrections officers was proper.

5.38	In response to ¶ 5.38, it is admitted that Defendant was responsible for training its employees and further admitted that training for corrections officers was proper.

5.39	The allegations of ¶ 5.39 are denied as stated.

5.40	The allegations of ¶ 5.40 are admitted as understood.

5.41	In response to ¶ 5.41, Defendant is unable to admit or deny the same for want of factual allegations.  In further response, Defendant denies that it had a complete lack or inadequacy of policies, procedures, customs, and practices as suggested and/or alleged in ¶ 5.41.

5.42	In response to ¶ 5.42, Defendant is unable to admit or deny the same for want of factual allegations.  In further response, Defendant denies that it had a complete lack or inadequacy of policies, procedures, customs, and practices as suggested and/or alleged in ¶ 5.42.

5.43	The allegations of ¶ 5.43 are denied.

5.44	The allegations of ¶ 5.44 are denied.

5.45	The allegations of ¶ 5.45 are denied.

5.46	The allegations of ¶ 5.46 are denied.

5.47	The allegations of ¶ 5.47 are denied.

5.48	The allegations of ¶ 5.48 are denied.

5.49	The allegations of ¶ 5.49 are denied.

## COUNT I
### (FOURTEENTH AMENDMENT – VIOLATION OF 42 U.S.C. § 1983 – EXCESSIVE FORCE)

6.1	The allegations of ¶ 6.1 are denied.

6.2	The allegations of ¶ 6.2 are denied.

6.3	The allegations of ¶ 6.3 are denied.

6.4	The allegations of ¶ 6.4 are denied.

## COUNT II
### (STATE LAW VICARIOUS LIABILITY – TENN. CODE ANN. § 8-8-301, *ET SEQ.*)

7.1	The allegations of ¶ 7.1 are denied.

## DAMAGES

8.1	The allegations of ¶ 8.1 are denied.

8.2	The allegations of ¶ 8.2 are denied.

8.3 The allegations of ¶ 8.3 are denied.

8.4 The allegations of ¶ 8.4 are denied.

8.5 The allegations of ¶ 8.5 are denied.

All other allegations in Plaintiff's Complaint not specifically admitted, denied, or explained above be and are hereby denied.

**SECOND DEFENSE**

Defendant relies upon all common law and statutory immunity provisions that may be applicable to this matter, including but not limited to, good faith immunity, common law immunity and sovereign immunity and to include all limits and defenses available pursuant to Tenn. Code Ann. § 8-8-303.

**THIRD DEFENSE**

Defendant pleads and specifically relies upon the defense of qualified immunity as applicable in this case. Sergeant Young and Officer Fink were acting within their discretionary authority and their conduct did not violate clearly established constitutional rights of which a reasonable person would have known. Accordingly, Plaintiff is not entitled to the relief prayed for in his Complaint.

**FOURTH DEFENSE**

The actions taken by Sergeant Young and Officer Fink were reasonable and appropriate as it relates to the circumstances then and there existing. Plaintiff was not cooperative, was refusing a lockdown, and refused direct verbal commands to him prior to the incident given rise to this matter and the actions taken by Sergeant Young and Officer Fink were as a direct result of Plaintiff's refusals to cooperate and to comply with lockdown requirements and the officers did

not engage in any conduct that violated Plaintiff's constitutional rights and all times their actions were appropriate.

## FIFTH DEFENSE

It is denied that Sergeant Young and/or Officer Fink acted improperly in any matter whatsoever as it relates to the events described in Plaintiff's Complaint.

## SIXTH DEFENSE

Defendant did not at any time act with deliberate indifference as it relates to the constitutional rights of Plaintiff. Accordingly, Plaintiff is not entitled to any recovery in this matter.

## SEVENTH DEFENSE

It was the actions and conduct of Plaintiff that led to the incident discussed herein above. Plaintiff fell to comply with instructions and commands as provided to him. Plaintiff's actions were the approximate cause of the incident giving rise to this litigation.

## EIGHTH DEFENSE

Defendant denies that Plaintiff is entitled to recovery in this matter and further show that Plaintiff suffered and preexisting medical conditions that were not caused and/or worsened by the incident described above, specifically a fractured jaw.

## NINTH DEFENSE

Plaintiff's Complaint fails to state a claim or cause of action upon which relief can be granted to the extent that Plaintiff has failed to sue for a sum of certain. Accordingly, Plaintiff is not entitled to relief prayed for in his Complaint.

## TENTH DEFENSE

Plaintiff's Complaint as well as the asserted claims, causes of action, and request for damages, some, or all, are barred and/or limited pursuant to the terms and provisions of the

Tennessee Civil Justice Act of 2011 found at Tenn. Code Ann. § 29-39-101, et seq. and all defenses and/or limitations set forth therein. Defendants specifically plead and rely upon all such defenses and limitations.

## ELEVENTH DEFENSE

Defendant relies upon all common law and statutory immunity provisions, including, but not limited to the immunity provisions of the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-201, et seq., including without limitation, the applicable exceptions to removal of immunity under Tenn. Code Ann. § 29-20-205.

## TWELFTH DEFENSE

To the extent that Plaintiff has relied upon vicarious liability for any causes of action based upon 42 U.S.C. § 1983 or other civil rights claims, vicarious liability, including *respondeat superior* is not applicable to said civil rights causes of action, and any causes of action based upon any form of vicarious liability should be dismissed.

## THIRTEENTH DEFENSE

Defendant pleads and relies on all defenses provided by the Prison Litigation Reform Act ("PLRA"), including but not limited to, the applicability of the PLRA's requirement that Plaintiff exhaust administrative remedies or his claims will be barred.

## FOURTEENTH DEFENSE

Plaintiff is not entitled to any recovery from Defendant Marion County for alleged constitutional violations. Defendant Marion County has no policy or custom that caused or resulted in the deprivation of Crystal Thurman's constitutional rights. Further, Defendant Marion County shows that Plaintiff failed to identify a policy, custom or standard as required by existing law, in Marion County sufficient to support the claims in her complaint

**FIFTEENTH DEFENSE**

Defendant denies its actions, inactions, policies or in any other way were the cause of the incident giving rise to this matter and/or to the injuries and/or damages claimed by Plaintiff.

**SIXTEENTH DEFENSE**

There is no policy, custom or otherwise in Bradley County, Tennessee that caused or led to the events more fully described in Plaintiff's Complaint or caused or led to the injuries and/or damages complained of in this matter. Defendant further shows that there are policies in effect in Bradley County, Tennessee relating to use of force, training, and other matters that are proper and that the corrections officers referred to in this matter were properly trained.

**WHEREFORE,** having fully answered, Defendant prays that Plaintiff's Complaint be dismissed and that Defendant be awarded its reasonable and necessary attorney's fees and costs incurred in defense of this matter. Defendant further demands trial by a jury of twelve (12).

Respectfully submitted,

**SPICER RUDSTROM, PLLC**

By: */s/ B. Thomas Hickey, Jr.*
B. Thomas Hickey, Jr., BPR #019105
Attorney for Defendant
537 Market Street – Suite 203
Chattanooga, TN 37402-1241
P: (423) 756-0262
F: (423) 756-8489
thickey@spicerfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of April, 2024, I electronically filed this document along with any exhibits with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

James Bryan Moseley
Moseley & Moseley
237 Castlewood Drive, Suite D
Murfreesboro, TN 37129
bryan.moseley@moseleylawfirm.com

**SPICER RUDSTROM, PLLC**

By: */s/ B. Thomas Hickey, Jr.*
B. Thomas Hickey, Jr.